Taft, J.
Although the elements of ownership of the real property in the instant case are partly vested in the lessor and partly in the lessee, no one else has any interest of ownership whatever in that real property. Hence, since both the lessor and lessee are public bodies, there is nothing but a public ownership of that property, and the property is, to use the words of Section 5709.08, Revised Code,, “public property.” The board found and it is conceded that this “public property” is “used exclusively for a public purpose,” within the meaning of the words of that statute. The statute specifies that such property so used “shall be exempt from taxation.” In order to hold otherwise, this court would have to revise that statute.
It is argued however and both parties concede that this court must hold otherwise unless it refuses to follow its decision in City of Dayton v. Haines, supra (156 Ohio St., 366).
In City of Toledo v. Jenkins et al., Board of Tax Appeals, 143 Ohio St., 141, 54 N. E. (2d), 656, and In re Application for Exemption of Real Property from Taxation, 167 Ohio St., 273, 147 N. E. (2d), 857, uses of parts of property by lessees thereof who were not public bodies were held not to prevent tax exemption under that statute. Certainly, some of the elements of *193 ownership of the leased portions of the property were vested in those lessees. In view of the addition of the word “exclusively” to the statute, it would he particularly difficult to distinguish the latter case on any reasonable basis from the Haines case. See In re Application for Exemption from Taxation, supra, 277. See also Carney, Aud., v. Cleveland City School District Public Library, ante, 65. In order therefore to eliminate inconsistent holdings by this court, City of Dayton v. Haines, supra (156 Ohio St., 366), is overruled.

Decision reversed.

Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Weygandt, C. J., dissents.
Peck, J., not participating.